UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN R. BROWN, | Case No. 11-10572 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# AMENDED REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 8)

**I.   PROCEDURAL HISTORY**

   A.   Proceedings in this Court

On February 11, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Paul D. Borman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 4).  This matter is before the Court on defendant's motion to dismiss.  (Dkt. 8).  Plaintiff filed a response on July 13, 2011.  (Dkt. 13).  Defendant filed a reply on July 21, 2011.  (Dkt. 16).  On July 28, 2011, plaintiff filed a "supplemental brief."  (Dkt. 17).

The undersigned issued a report and recommendation on November 21, 2011, recommending that defendant's motion to dismiss be granted. (Dkt. 18). Plaintiff filed an objection, pointing out that her application for appointment of counsel had never been ruled on, and filing a second motion for appointment of counsel. (Dkt. 19). On December 12, 2011, the undersigned withdrew the November 21, 2011 Report and Recommendation and entered an order denying plaintiff's application and motion to appoint counsel. (Dkt. 20). In that Order, the undersigned allowed plaintiff 30 days to obtain counsel at her own expense and indicated that if plaintiff was able to obtain counsel in that time frame, counsel would be permitted to file a supplemental brief in opposition to the motion to dismiss. (Dkt. 20). The undersigned also indicated that if plaintiff was unable to obtain counsel in that time frame, the November 21, 2011 Report and Recommendation would be reinstated. (Dkt. 20). The 30 day time period has passed, and no attorney has appeared on behalf of plaintiff and no objection has been filed to the December 12, 2011 Order. Thus, the undersigned issues this amended report and recommendation, which is identical to the November 21, 2011 Report and Recommendation, except for this updated procedural history.

B.   Administrative Proceedings

Plaintiff filed the instant claims on May 8, 2007, alleging that she became unable to work on May 11, 2005. (Dkt. 8-1, Pg ID 32). The claim was initially

disapproved by the Commissioner on October 11, 2007. *Id.* Plaintiff requested a hearing and on October 18, 2007, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Paul R. Armstrong, who considered the case *de novo*. In a decision dated September 26, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 8-1, Pg ID 29-38). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits (Dkt. 8-1, Pg ID 42-43), the Appeals Council, on December 2, 2010, denied plaintiff's request for review. (Dkt. 8-1, Pg ID 39).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II.     PARTIES' ARGUMENTS

### A.     The Commissioner's Motion to Dismiss

As set forth in the ALJ's decision, on May 8, 2007, plaintiff filed an application for a period of disability and disability insurance benefits. She filed a Title XVI application for SSI on May 17, 2007. (Dkt. 8-1, Pg ID 32). Her applications were denied initially, and after a hearing by an ALJ in a decision dated September 26, 2008. (Dkt. 8-1, Pg ID 38). On December 2, 2010, the Appeals Council sent by mail a notice of its denial of plaintiff's request for review of the ALJ's decision. (Dkt. 8-1, Pg ID 39). This notice also indicated that the Appeals Council was setting aside its earlier action denying plaintiff's request for review,

which was dated March 17, 2010. *Id.* According to the Commissioner, this action rendered the ALJ's decision the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g) and 1383(c). The Appeals Council's notice was dated December 2, 2010. Based on this date, plaintiff, to be considered timely, must have filed a civil action on or before February 7, 2010. Plaintiff, however, did not file her complaint until February 11, 2010. Therefore, according to the Commissioner, plaintiff's claim is barred by the sixty-day limitation specified in § 205(g) of the Act.

B. Plaintiff's Response

Plaintiff argues that equitable tolling should apply. She says that, after receiving the December 2, 2010 letter from the Appeals Council, she wrote to the Commissioner asking for assistance. Plaintiff attaches a copy of this letter, dated December 10, 2010. (Dkt. 13, Pg ID 61-63). Plaintiff also attaches the response, dated January 7, 2011. (Dkt. 13, Pg ID 64). The response letter explained as follows:

> ...our records show that on March 17, 2010, the Appeals Council found no basis for reviewing the administrative law judge's decision. After receiving additional information from you, on December 10, 2010, the Appeals Council set aside their earlier action to consider the additional information.
>
> The Appeal Council has reviewed your records and decided that the administrative law judge's decision is

> correct.  Therefore, this is our final decision in this case. You may, of course, file a civil action in the appropriate United States district court within 60 days after receiving the Appeals Council's decision notice.
>
> If you have other questions, we suggest that you call our toll-free number ... .  Our representatives will be glad to help you.

(Dkt. 13, Pg ID 64).  Plaintiff says that she was confused by this letter because it implied that the March 17, 2010 Appeals Council decision was the final decision.  According to plaintiff, she filed her appeal in court, based on the date of the associate commissioner's letter, January 7, 2011.  (Dkt. 13, Pg ID 52).  Plaintiff argues that because the January 7, 2011 letter does not plainly state that the December 2, 2010 decision stands as the final decision, citing *Byron v. Harris*, 668 F.2d 259, that the January 7, 2011 communication started the 60 day period anew. (Dkt. 13, Pg ID 53).

    C.    <u>Commissioner's Reply</u>

In reply, the Commissioner argues that the January 7, 2011 letter plainly and clearly stated that plaintiff had 60 days from the date she received the "Appeals Council's decision notice" as opposed to the receipt of the January 7, 2011 letter, in which to file her complaint.  (Dkt. 16, Pg ID 70-71).  The Commissioner further argues that, even considering the five-factor test for equitable tolling found in

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001),[1] plaintiff's complaint must still be dismissed. The Commissioner argues that plaintiff's "confusion" is not persuasive in light of the clear language in the notice of denial that "[t]he 60 days [to file for judicial review] start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." The Commissioner also asserts that plaintiff was not diligent in pursuing her rights because she did not ask the Appeals Council for an extension of time to file her court action, even though the Appeals Council notice explained how and to whom such a request must be made. The Commissioner argues that plaintiff simply offers no excuse as to why she could not have filed within the 60 day deadline, even if she was mistaken about the deadline.

The Commissioner also argues that allowing plaintiff to file her complaint late would prejudice the Commissioner. The Sixth Circuit has observed that courts must be "mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook v. Comm'r of Social Security*, 480 F.3d 430,

---

[1] The five factors are: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008.

437 (2007). As the Sixth Circuit concluded in *Cook*, "[i]n the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Cook*, 480 F.3d at 430, 437 (6th Cir. 2007). According to the Commissioner, plaintiff has not demonstrated "compelling equitable considerations" or "extraordinary circumstance" that courts require to grant the extremely rare remedy requested. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

      D.     <u>Plaintiff's Supplemental Brief</u>

In her supplemental brief, plaintiff asserts that her complaint should not be dismissed because it was timely filed and because defendant filed its response 37 days late. (Dkt. 7, Pg ID 77). Plaintiff says that she did not file a request for an extension because she had no faith in the Appeals Council to do her any justice or give her any consideration after she wrote the Commissioner. Despite this lack of faith, plaintiff apparently wrote the Commissioner again in July 2011, although this correspondence is not attached to her brief.

Plaintiff asserts that she was "unaware" of the congressional intent in § 405(g) "to move cases to speedy resolution." According to plaintiff, she was trying to exercise her right to resolve her case by requesting the intervention of the Commissioner pursuant to § 205(b)(1), (b)(2)(C); 42 U.S.C. 405. Plaintiff says she

filed her request within the 60 day time limitation set forth in this section and received a response back on July 13, 2011, denying her request. (Again, the exhibits to which she refers are not attached to her supplemental brief). She says she was misled by this section of the statute or the Commissioner failed in his duty under this section.

Plaintiff also asserts that she was only four days late, unlike the plaintiff in *Biron v. Harris*, 668 F.2d 259 (6th Cir. 1982), who was several months late. In addition, plaintiff points to the ongoing communication she was having with the Commissioner, which shows that she was diligently pursuing her rights. Plaintiff argues that she had no idea that the 60 day rule was such a strict rule; she assumed that holidays that occurred during that time period extended her filing date and none of the communications contained a "date" by which she had to file her court action. Finally, plaintiff again asserts that she was confused by the letter from the Commissioner and believed the 60 day period began from the date of that letter (January 7, 2011).

## III. ANALYSIS AND CONCLUSION

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such

> decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action:

> [M]ust be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision ... is received by the individual.... For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision ... shall be presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F.Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06–cv–446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, 2004 WL 1529297 (D. Me. 2004) ("[w]hile this result

might be considered harsh, delays of a single day have been held to require dismissal").

The undersigned is not persuaded by plaintiff's argument that the 60 day period should run from the date of the January 7, 2011 letter from the Deputy Commissioner. Rather, that letter made it clear that the December 10, 2010 notice of decision from the appeals council remained the final decision and that the 60 day period ran from the date of that decision.

In addition, the undersigned finds plaintiff purported "confusion" to be rather implausible. Plaintiff says that the January 7, 2011 letter was confusing because it "implied" that the March 2010 decision was the "final decision." Plaintiff does not explain, nor is it apparent, how this "confusion" would have led her to conclude that a new 60 day period starting running on January 7, 2011.

Plaintiff's claim that she was "misled" by § 405 is also not persuasive. Plaintiff appears to be referring to some correspondence from July 2011 that is not attached to her supplemental brief and which was obviously sent long after she actually filed the complaint in this case, in February 2011. In addition, § 405 is plain and clear that a claimant must file a court action within 60 days of receipt of a "final decision." It is readily apparent that the December 10, 2010 appeals council notice of decision is the "final decision," that no other decision issued after that decision, and that the December 10, 2010 decision clearly explained to plaintiff

that she had 60 days (plus five for mailing) to file a civil action in court. And, as noted above, the January 7, 2011 letter also explained that the December 10, 2010 notice of decision remained the "final decision." Thus, the undersigned fails to see how plaintiff was "misled" by either the statutory language, or any correspondence from the Commissioner.

      The undersigned also concludes that plaintiff has not satisfied the test for equitable tolling. The factors to be considered are: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. As set forth above, plaintiff had actual notice of the filing requirement. The undersigned finds that plaintiff was not diligent in pursuing her rights because she did not seek an extension of time nor has she explained why, if she was so confused, she did not contact the social security administration for clarification, as instructed in the January 7, 2011 letter. Plaintiff also offers no explanation as to why she did not have sufficient time to timely file her appeal. The undersigned agrees with the Commissioner that allowing plaintiff to file her complaint late without any justification for the lateness of her filing, given the burden on the social security administration, would be prejudicial to defendant. The rule may

seem harsh, but absent an adequate explanation that satisfies the equitable tolling test, the statute of limitations is strictly construed. *See e.g.*, *Burton v. Comm'r*, 2011 WL 3862346 (E.D. Mich. 2011); *Goldsmith v. Comm'r*, 2010 WL 2507970 (W.D. Mich. 2010).

Finally, plaintiff's reliance on *Biron v. Harris*, 668 F.2d 259 (6th Cir. 1982) is misplaced. In that case, the Sixth Circuit concluded that where the claimant never sought an extension of time for seeking review and where the secretary did not seek the submission of additional evidence, the fact that evidence was submitted after the date of the denial did not constitute an "implicit" extension of time. Plaintiff argues that her complaint should not be dismissed like the complaint in *Biron* because she was only a few days late, and not months late. However, plaintiff misses the point of *Biron* entirely. The point is that the plaintiff could not, by corresponding with the secretary (the Commissioner, here), cause an "implied" extension of time. Applying the principle of *Biron* here, plaintiff's correspondence with the Commissioner did nothing to change or extend her filing deadline. And, as set forth above, the undersigned finds that plaintiff has not shown that she was misled by the correspondence. Thus, plaintiff's complaint should be dismissed as untimely.

## IV. RECOMMENDATION

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: January 17, 2012 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on January 17, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Susan K. DeClercq, AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Robin R. Brown, 2256 W. Philadelphia, Detroit, MI 48206</u>.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov
