UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN R. BROWN,

       Plaintiff,          Case No. 11-cv-10572

                                           Paul D. Borman
v.          United States District Judge

                                           Michael Hluchaniuk
COMMISSIONER OF SOCIAL SECURITY,          United States Magistrate Judge

       Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S JANUARY 17, 2012 AMENDED REPORT AND RECOMMENDATION (DKT. NO. 21); (2) DENYING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (DKT. NO. 22); and (3) GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8)

     This matter is before the Court on Plaintiff's Objections (Dkt. No. 22) to Magistrate Judge Michael Hluchaniuk's January 17, 2012 Amended Report and Recommendation (Dkt. No. 21). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS the Magistrate Judge's Amended Report and Recommendation (Dkt. No. 21), DENIES Plaintiff's Objections to the Amended Report and Recommendation (Dkt. No. 22) and GRANTS Defendant's Motion to Dismiss (Dkt. No. 8).

I.       BACKGROUND

     Magistrate Judge Hluchaniuk's Amended Report and Recommendation adequately recites the procedural and factual background in this matter and the Court adopts those sections of the Report and Recommendation. (Dkt. No. 21, 1-3.) In summary, as relevant to the instant Opinion

and Order, Plaintiff filed her Complaint in this Court on February 11, 2011, seeking judicial review of the December 2, 2010 final decision denying her claim for benefits. (Dkt. No. 1, Complaint.) Simultaneous with the filing of her Complaint, Plaintiff filed an application to proceed *in forma pauperis* and an application for appointment of counsel. (Dkt. Nos. 2,3.) On February 14, 2011, Magistrate Judge Hluchaniuk granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 5.) The Magistrate Judge did not address, at that time, Plaintiff's application for appointment of counsel.    On April 25, 2011, the Commissioner filed a motion to dismiss Plaintiff's Complaint as untimely filed. (Dkt. No. 8.) Plaintiff requested and was granted a month-long extension of time within which to respond to the Commissioner's motion. (Dkt. No. 11.) Plaintiff did respond on July 13, 2011 (Dkt. No. 13) and also requested a further extension of time to respond more fully, which was granted (Dkt. Nos. 14, 15). The Commissioner filed a reply. (Dkt. No. 16.) On November 21, 2011, the Magistrate Judge issued his original Report and Recommendation agreeing with the Commissioner that Plaintiff's Complaint for judicial review was not timely filed and recommending that the Court grant the Commissioner's motion to dismiss. (Dkt. No. 18.)

On December 7, 2011, Plaintiff filed a motion for extension of time to file objections to the Magistrate Judge's Report and Recommendation and also filed a motion renewing her request for appointment of counsel. (Dkt. No. 19.) On December 12, 2011, Magistrate Judge Hluchaniuk issued an Order withdrawing the November 21, 2011 Report and Recommendation, recognizing that the Court had not yet ruled on Plaintiff's motion for appointment of counsel. In his December 12, 2011, Magistrate Judge Hluchaniuk denied Plaintiff's request for appointment of counsel, and gave Plaintiff an additional thirty (30) days to find counsel or to further supplement her response to Defendant's motion to dismiss. The December 12, 2011 Order indicated that if Plaintiff did not take

appropriate action within that 30 day time frame, the Court would reinstate its Report and Recommendation. (Dkt. No. 20.)

Plaintiff did not file an objection to the Magistrate Judge's December 12, 2011 Order, nor did she supplement her response or indicate to the Court that she had retained counsel. Accordingly, on January 17, 2012, Magistrate Judge Hluchaniuk filed an Amended Report and Recommendation, again recommending that the Court grant Defendant's motion to dismiss Plaintiff's untimely filed Complaint. (Dkt. No 21.) Plaintiff filed the instant objections to the Amended Report and Recommendation on February 3, 2012, three days beyond the date on which her objections were due per the Amended Report. (Dkt. No. 22.)

## II.   STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

## III.   ANALYSIS

The Court first notes that Plaintiff's objections were not timely filed. The Magistrate Judge's Amended Report and Recommendation clearly stated that Plaintiff had fourteen (14) days from the date of service (January 17, 2012) to file specific objections to the Report. (Dkt. No. 21, p. 13.)

3

Plaintiff's objections were thus due on or before January 31, 2012, which fell on a Tuesday. Plaintiff filed her objections three days later, on February 3, 2012. "A party's failure to timely file objections to a report and recommendation generally constitutes a waiver of that party's right to appeal that decision." *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). However, even were the Court to consider Plaintiff's untimely objections, the Court concludes, on *de novo* review, that Plaintiff's objections lack merit.

### A.    The Magistrate Judge Correctly Denied Plaintiff's Application for the Appointment of Counsel (Objection No. 1)

As an initial matter, the Court notes that Plaintiff never filed an objection to Magistrate Judge Hluchaniuk's December 12, 2011 Order denying her application for appointment of counsel. While Plaintiff continues to complain about the Magistrate Judge's denial of her application for appointment of counsel in her February 3, 2012 Objections, she never filed a timely objection to the December 12, 2011 Order.

In any event, the Court finds that the Magistrate Judge correctly denied Plaintiff's application for the appointment of counsel. The decision whether to appoint counsel rests within the sound discretion of the district court. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (internal quotation marks and citations omitted).

Magistrate Judge Hluchaniuk correctly concluded that Plaintiff, who was assisted by counsel in her administrative hearings, has demonstrated that she has an independent understanding of the

issues involved in her social security appeal, and also understands the procedural mechanisms available to her, having multiple times in this Court sought and been granted extensions of time to file responsive pleadings. Magistrate Judge Hluchaniuk correctly concluded that Plaintiff has failed to demonstrate "exceptional circumstances" that would justify appointment of counsel in this civil case.

> **B.    Magistrate Judge Hluchaniuk Correctly Concluded That Plaintiff's Complaint Should be Dismissed as Untimely (Objection Nos. 2, 3)**

There is no dispute that the Administrative Law Judge's ("ALJ") September 26, 2008 decision in this case became final on December 2, 2010, when the Appeals Council denied Plaintiff's request for review. (Dkt. No. 8, Ex. 1, Declaration of Patrick J. Herbst ¶ 3(a) Ex. 1.) The December 2, 2010 Appeals Council Notice of Action plainly states that Plaintiff has 60 days from receipt of that Notice to file a civil action seeking court review of the final decision of the Commissioner. The Appeals Council Notice further states that Plaintiff will be assumed to have received the Notice five (5) days after its date, in this case resulting in a December 7, 2010 date of receipt. The Appeals Council Notice clearly explains that a request for an extension of the 60-day time limit for filing a civil suit challenging the final decision of the Commissioner must be made in writing, must contain good reason for the request and must be mailed to the Appeals Council at the address indicated on the Notice. (Dkt. No. 13, Pl.'s Resp. 9.) Plaintiff's filing was accordingly due in this Court no later than February 7, 2011. Plaintiff filed her Complaint four days late - on February 11, 2011.

The Commissioner indicates in his motion to dismiss that Plaintiff did not request from the Appeals Council an extension of time to file a civil action, although the process for doing so was explained in detail in the December 2, 2010 Notice of Appeals Council Action. (Dkt. No. 8, Herbst

Decl. ¶ 3(b).) Indeed, Plaintiff concedes twice in her Objections that she never requested an extension of time from the Appeals Council. (Dkt. No. 22, Pl.'s Objs. 7, 10.) Instead of following the express instructions for seeking an extension of time that were set forth in her December 2, 2010 Notice of Appeals Council Action, on December 10, 2010, Plaintiff wrote a letter to the Commissioner of Insurance complaining about the December 2, 2010 final denial of benefits. (Dkt. No. 13, Pl.'s Resp. 10.) In response, on January 7, 2011, the Associate Commissioner of Insurance responded to Plaintiff's letter, explaining that the December 2, 2010 Notice of Appeals Council Action was the final decision in her case and explaining: "You may, of course, file a civil action in the appropriate United States District court within 60 days after receiving the Appeals Council's decision notice." (Dkt. No. 13, Pl.'s Resp. 13.)

Plaintiff argues that she was "confused" by the January 7, 2011 letter from the Commissioner and thought that the March 17, 2010 date mentioned in that letter was the "final decision" in her case and that she believed that her 60 day time limit began to run on January 7, 2011, the date of the Commissioner's response to her letter. The Court agrees with Magistrate Judge Hluchaniuk's conclusion that Plaintiff's "confusion" is patently implausible and that her correspondence to the Commissioner did nothing to impliedly extend her time to file a civil action. Plaintiff cannot create an implied extension of time by ignoring the directive in the Notice to apply to the Appeals Council for an extension of time and instead writing a letter to the Commissioner of Insurance. *Biron v. Harris*, 668 F.2d 259, 261 (6th Cir. 1982) (holding that the time limitations in 42 U.S.C. § 405 are jurisdictional and cannot be waived and that correspondence with the Commissioner's secretary cannot create an implied extension of those limitations). Any other conclusion would vitiate the time limits for filing a civil suit and make a mockery of the process for seeking an extension of time

as explained in the Appeals Council Notice.

Additionally, the Court agrees with the Magistrate Judge's conclusion that there was nothing confusing about the January 7, 2011 letter from the Commissioner, which clearly reiterated that the December 2, 2010 Appeals Council Notice was the final decision in Plaintiff's case and reemphasizing Plaintiff's appeal rights with respect to that Notice. Plaintiff's four-day delay in filing suit in this Court was without excuse and necessitates dismissal of her claim. Several courts in this circuit and district have recognized that the statute of limitations applicable to social security appeals is to be strictly construed, with the result that even one-day delays have required dismissal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (finding a one-day delay necessitated dismissal); *Burton v. Comm'r of Soc. Sec.*, No. 10-14040, 2011 WL 3862346 (E.D. Mich. Feb. 25, 2011) (recognizing that courts have strictly construed the statute of limitations in social security appeals and finding plaintiff's two week delay justified dismissal of her claim); *Goldsmith v. Comm'r of Soc. Sec.*, No. 09-627, 2010 WL 2507970 (W.D. Mich. May 25, 2010) (finding an eight day delay necessitated dismissal).

The Court further agrees with the Magistrate Judge's finding that equitable tolling cannot be applied in this case. The doctrine of equitable tolling requires the Court to examine: (1) whether Plaintiff had actual or constructive notice of the filing deadline; (2) whether Plaintiff was diligent in pursuing her rights; (3) whether prejudice to the Commissioner will result if equitable tolling is applied; and (4) whether Plaintiff was reasonable in remaining ignorant of the legal requirements for filing her claim. *Cook*, 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). There is no question that the December 2, 2010 Notice of Appeals Council Action informed Plaintiff of the filing deadline and that the January 7, 2011 letter from the Commissioner

confirmed that the deadline for filing her civil action was 60 days from receipt of that December 2, 2010 Notice. *See Cook* 480 F.3d at 437 (finding that plaintiff could not argue lack of actual notice when he had acknowledged receipt of the Appeals Council Notice specifically informing him of the 60 day filing deadline).

Plaintiff was not diligent in pursuing her rights because she chose to ignore the express instructions for seeking an extension of time within which to file her civil action and has offered no explanation for her failure to seek an extension. Even assuming Plaintiff was unclear about her appeal rights based on the December 2, 2010 Notice, the January 7, 2010 letter reaffirmed this information and Plaintiff still had a month within which to seek an extension or timely file a claim. She did neither and the Court finds no justification for her failure to ignore the filing and extension deadlines. Finally, the Court concludes that, while standing alone Plaintiff's four-day delay in one case may not seem burdensome to the Commissioner, given the heavy burden faced by the Social Security Administration in the "millions" of applications it receives it each year, the filing deadline must be strictly enforced. *Cook*, 480 F.3d at 437 (refusing to apply the doctrine of equitable tolling where plaintiff filed one day late, noting that "[a]lthough allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.")

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) ADOPTS the Magistrate Judge's January 17, 2012 Amended Report and Recommendation (Dkt. No. 21).

(2)  DENIES Plaintiff's Objections to the Amended Report and Recommendation (Dkt. No. 22); and

(3)  GRANTS Defendant's Motion to Dismiss (Dkt. No. 8).

IT IS SO ORDERED.

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: April 30, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and upon Robin R. Brown; 2256 W. Philadelphia; Detroit, MI 48206 by U.S. Mail on April 30, 2012.

        S/Denise Goodine
        Case Manager